D. G. Slee v. Commissioner.
Slee v. Commissioner
Docket No. 76.
United States Tax Court
1943 Tax Ct. Memo LEXIS 205; 2 T.C.M. (CCH) 437; T.C.M. (RIA) 43331; July 8, 1943
*205 H. A. Mihills, C.P.A., 917 Munsey Bldg., Washington, D.C., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $7,903.53 in income tax for 1940, denying the application of Section 107 of the Internal Revenue Code. Findings of Fact Petitioner, a resident of Toledo, Ohio, filed his return for 1940 on a cash basis in the Tenth District of Ohio. He has been in the employ of The France Stone Company of Toledo, Ohio, since 1912; as general manager from 1929 to 1932, and as vice-president and general manager from 1933 to 1940, inclusive. The company and its affiliates are engaged in the business of quarrying and producing crushed stone. George and Harry France were first cousins. Each owned a controlling interest in different companies in the France group of corporations, six companies controlled by George and four by Harry. In 1928, friction developed between Harry, and George and officers of George's group. George asked Slee to continue to keep Harry's good-will so as to avoid withdrawal of his companies, and, if that should occur, to try to reunite the groups. George *206 assured Slee that if a break came and Slee was able to reunite the groups he would be paid "special compensation" for that work. In January, 1930, Harry withdrew his group from the organization. He and Slee thereafter continued their friendly relations. Harry and George were estranged. Competitive price-cutting became disasterous and in 1933 an agreement as to division of sales territory was unsuccessfully attempted. Slee continued his efforts to persuade Harry to reunite the groups. In 1939, petitioner proposed a unification plan to Harry which was accomplished in 1940 through transfers of stock and fixing of control. It eliminated dual management. The resolution putting this plan into effect was adopted by the George France group January 15, 1940. In July, 1940, control of the last company was acquired after extensive negotiations between Slee and the general manager for purchase of his stock. This completed the reunion. The directors had never discussed the matter and their first knowledge of the arrangement was when it was reported to them in 1940. George France always approved Slee's efforts without directing them, but was pessimistic as to the likelihood of success. During *207 the period 1929 to 1940, inclusive, petitioner received a regular salary and annual bonus for his services as an officer of The France Stone Company. The amount of salary and bonus paid each year was determined solely by George France. At a special meeting of the Board of Directors of The France Stone Company on November 28, 1940, $24,000 was voted to Slee for "extra and special services" rendered from 1929 to 1940, as shown by the following excerpt from the minutes: G. A. France, President of the Company stated to the meeting that since 1928 D. G. Slee had been continuously active in promoting the welfare of the Company beyond the scope of his normal duties as General Manager and had performed services of great value to the Company. Mr. France suggested that the Company show its appreciation by compensating Mr. Slee for his efforts and labor, and moved the adoption of the following resolution: RESOLVED: That D. G. Slee, Vice President, Treasurer and General Manager of The France Stone Company, be paid by the Company, in addition to his yearly salary, the sum of $2,000.00 per year from the year 1929 to 1940 inclusive for extra and special services rendered by him during said period, *208 which services proved of great value to the Company. Opinion STERNHAGEN, Judge: The $24,000 received by the taxpayer in 1940 was held by the Commissioner "not to be within the provisions of Section 107 of the Internal Revenue Code", and for this reason the Commissioner taxed the entire amount of $24,000 at 1940 rates. The taxpayer assails this on the ground that the $24,000 received in 1940 was, as Section 107 provides, received (a) for personal services rendered by him over a period of five calendar years or more, (b) on completion of the services, and (c) within his gross income for a year after 1938, i.e., 1940. The evidence is not in conflict and is not reasonably open to dispute. It shows that Slee, at the suggestion of the president of The France Stone Company, by which Slee was generally employed, began as early as 1929 to promote the harmonization, affiliation, and reunion of the two groups operated by the France cousins, and was assured that he would be paid special compensation if he were successful. He worked on this in various ways from that time on, and in 1940 the result was achieved through his efforts. The directors of The France Stone Company recognized that Slee *209 had performed "extra and special services" from 1929 to 1940, and expressly for those services voted to pay him additional compensation of $2,000 a year for that period, which was $24,000 for the twelve years. This is squarely within the language of Section 107, and the taxpayer may not be denied the application of that section to the $24,000. In his return for 1940, he included the $24,000 in his income and computed the tax as provided by Section 107, by aggregating the tax of each of the twelve years upon $2,000. This was correct, and the Commissioner's determination is erroneous. We need only add that we cannot approve the respondent's argument to the effect that Section 107 is inapplicable since the compensation was received too late to be properly regarded as paid on completion of the services. The twelve years period of the service was completed in July, 1940, and the special compensation was voted the following November. This is reasonably, if not indeed literally, within the statute. Clearly, the words "on completion" do not mean at the very instant of the last act of service, but may include a reasonable time thereafter, as this was. Decision will be entered under Rule *210 50.